**No. 64628.**—Gean Berni & Co. *v.* United States, protest 330054–K (Tampa).

FORD, Judge: This cause of action relates to an importation of straw coolie hats, classified by the collector of customs under paragraph 1504(b)(4) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides basically for hats, in chief value of straw, sewed, whether or not blocked, trimmed, bleached, dyed, colored, or stained, and, accordingly, duty was assessed thereon at the rate of $2.37 per dozen and 23½ per centum ad valorem.

Plaintiff contends that said hats are properly dutiable at the rate of 23 cents per dozen and 11½ per centum ad valorem or, alternatively, at 11¼ per centum ad valorem under the provisions of paragraph 1504(b)(2) or 1504(b)(1), respectively, of the Tariff Act of 1930, as modified by said Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*.

The pertinent provisions of the various paragraphs involved herein are as follows:

Paragraph 1504(b)(4) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*:

Hats, bonnets, and hoods, composed wholly or
in chief value of straw, * * *:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Sewed, whether or not blocked, trimmed,
  bleached, dyed, colored, or stained:
    Composed wholly or in chief value of
    straw:
      Not blocked or trimmed_____ $2.37 per doz. and
                                                  23½% ad val.

Paragraph 1504(b)(1) and (b)(2) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*:

Hats, bonnets, and hoods, composed wholly or
  in chief value of straw, * * * :
    Not blocked or trimmed :
      Composed wholly or in chief value of
        straw or ramie :
          (1) Not bleached, dyed, colored, or
            stained _____ 11½% ad val.
          (2) Bleached, dyed, colored, or
            stained_____ 23¢ per doz. and
                                                     11½% ad val.

When this case was called for hearing at Tampa, Fla., plaintiff appeared in *propria persona* and offered two official samples of the involved merchandise, which were received as plaintiff's exhibits 1 and 2. Plaintiff then made a motion for transfer of this matter to Laredo, Tex., for further proof, which motion was granted. When this case appeared on the Laredo docket, plaintiff failed to appear, and the case was ordered retransferred to the port of entry, Tampa, Fla. Plaintiff again failed to appear when this matter was subsequently called at the last hearing at Tampa, Fla., and counsel for defendant requested the case be submitted on the record as made.

The basic question presented to the court for its determination is whether the involved straw coolie hats are or are not sewed. It is well established in customs jurisprudence that the classification made by the collector of customs must stand, unless the importer establishes not only that such classification is incorrect but that the classification contended for by the importer is correct. *United States* v. *Cody Manufacturing Co., Inc., Rohner Gehrig & Co., Inc.*, 44 C.C.P.A. (Customs) 67, C.A.D. 639.

In view of the fact that the record herein consists merely of the introduction of the two exhibits and does not contain any evidence relative to the manufacture or construction of the imported hats, with respect to any sewing operation or the lack of it, or whether they have been bleached, dyed, colored, or stained, plaintiff has failed to overcome the presumption of correctness attaching to the classification of the collector of customs.

It should be noted that an examination of the exhibits herein discloses certain sewing on the hat. However, whether this constitutes a sewed hat, as the term is employed in paragraph 1504(b) of the Tariff Act of 1930, has not been presented in the record presently before us.

The protest is, accordingly, overruled. Judgment will be rendered accordingly.